IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-00038-F

| | |
|---|---|
| COMERICA BANK,<br><br>    Plaintiff,<br><br>v.<br><br>D'BEEFS, LLC; 7 BY 34, LLC; ERICA R. LICARDO; and MAURICE GRUNWITZ, LICARDO,<br><br>    Defendants. | **ORDER** |

This matter is before the court on Plaintiff Comerica Bank's ("Comerica") Second Amended Motion for Default Judgment and Attorney's Fees [DE-18]. Comerica brings this motion only as to Defendants D'Beefs, LLC, and 7 by 34, LLC. For the reasons stated herein, the motion is ALLOWED.

## I. PROCEDURAL AND FACTUAL HISTORY

Comerica originally filed this breach of contract action on January 23, 2015. *See* Complaint [DE-1]. On January 30, 2015, Comerica filed affidavits and certificates of service for the named defendants. *See* Affs. Service [DE-5, -6, -7, -8]; Certificates of Service [DE-9, -10, -11, -12]. E. Licardo signed for the summons and complaint sent via designated delivery service to D'Beefs and Erica Licardo. *See* Affs. Service [DE-5, -7] at 4. M. Lazarob signed for those sent to 7 by 34 and Maurice Licardo. *See* Affs. Service [DE-6, -8] at 4.

Comerica subsequently moved for entry of default, which was entered June 2, 2015. *See* Order of June 2, 2015 [DE-15]. Comerica filed the present motion on June 17, 2015.

On October 21, 2015, the court denied Comerica's motion for default judgment, citing concerns regarding the Fourth Circuit's interpretation of *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L. Ed. 60 (1872), and the application of Rule 54 of the Federal Rules of Civil Procedure. *See* Order of October 21, 2015 [DE-20] at 1-2 (citing *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967)). The court instructed Comerica to file additional briefing on the issue. On November 19, 2015, Comerica responded to the court's order as instructed. *See* Pl.'s Suppl. Br. Resp. Oct. 21, 2015 Order [DE-22].

## II.   FINDINGS OF FACT

Upon default, the well-pleaded facts of the complaint are deemed admitted. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Based upon the plaintiffs' Complaint, the court finds the following facts:

Defendant D'Beefs was a restaurant/sports pub business whose registered agent, member, and manager was Defendant Erica Licardo. *See* Compl. [DE-1] ¶¶ 3, 7. Defendant 7 by 34 is a business whose registered agent is Defendant Maurice Licardo. *See id.* ¶ 4. Mr. Licardo also had an economic interest in Ms. Licardo's ownership and management of D'Beefs. *See id.* ¶ 7.

D'Beefs executed and delivered a Note to Comerica in the amount of $678,000.00, plus interest at the rate of 1.75% per year. *See id.* ¶ 12; *see also* Note [DE-1-1] (Ex. A to the Complaint). D'Beefs received the value of the Note in exchange for executing the Note. *See* Compl. [DE-1] ¶ 12. As part of the Note, D'Beefs agreed that, if D'Beefs defaulted on the Note, Comerica could recover costs of collection and reasonable attorney's fees incurred in enforcing the Note. *See id.*; *see also* Note [DE-1-1] at 4.

Mrs. and Mr. Licardo and Defendant 7 by 34 all executed unconditional guarantees as part of the consideration inducing Comerica to provide the loan to D'Beefs pursuant to the Note.

2

Compl. [DE-1] ¶ 13; *see also* Guarantees [DE-1-2, -1-3, -1-4] (Exs. B, C, and D to the Complaint). Each of those guarantees promised Comerica "the full and prompt payment and performance of D'Beefs payment obligations to [Comerica] under the Note." Compl. [DE-1] ¶ 13.

D'Beefs defaulted on the loan. *See id.* ¶ 14. A balance of $276,403.79, plus interest, remains under the Note, with a per diem rate of $37.04. *See id.* ¶ 17. D'Beefs and the guarantors have all refused payment on the Note. *See id.* ¶¶ 18-20.

## III. DISCUSSION[1]

### A. Service of Process

Under Rule 4 of the North Carolina Rules of Civil Procedure, service of process may be effected by "depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt." N.C. R. Civ. P. 4(j)(1)(d). The same standard applies to a domestic corporation except that the summons and complaint must be "addressed to the officer, director, or agent to be served." N.C. R. Civ. P. 4(j)(6)(d). If someone other than the addressee signs the delivery receipt at the intended address, this creates a rebuttable presumption of service of process. *See* N.C. R. Civ. P 4(j2)(2). Rule 4 further requires that, before default judgment may be entered where service has been effected by registered or certified mail, the serving party must file an affidavit averring (1) "[t]hat a copy of the summons and complaint was deposited with a designated delivery service . . . , delivery receipt requested;" (2) "[t]hat it was in fact received as evidenced by the attached delivery receipt or other evidence

---

[1] The court notes that its concerns regarding the Fourth Circuit's interpretation of *Frow* to this case have been assuaged. Because Mr. Licardo has already been discharged from bankruptcy, no judgment can be claimed against him. Furthermore, because Mrs. Licardo has admitted liability for the amount claimed by Comerica, there is no risk of inconsistent judgments. Thus, judgment against the corporate defendants may be entered.

3

satisfactory to the court of delivery to the addressee;" and (3) "[t]hat the delivery receipt or other evidence of delivery is attached." N.C. Gen. Stat. § 1-75.10(a)(5); *see also* N.C. R. Civ. P. 4(j2)(2).

Here, Comerica filed an affidavit showing that D'Beefs was served with a copy of the summons and complaint on January 28, 2015, via designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2). *See* Aff. [DE-5]. The affidavit has an attached delivery receipt showing that E. Licardo, presumably Erica Licardo, signed for the summons and complaint. *See id.* at 4. Similarly, Comerica filed an affidavit showing that 7 by 34 was served with a copy of the summons and complaint on January 29, 2015, via designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2). *See* Aff. [DE-6]. While the receipt was signed for by M. Lazarob and not the defendant, *see id.* at 4, Rule 4 does not require that the addressee himself sign the return receipt. *See, e.g., Adams v. Haynes*, No. 5:10-CT-3052, 2012 WL 2367436, at *4 (E.D.N.C. June 21, 2012) (finding a rebuttable presumption of valid service even where the addressee himself had not signed); *Osman v. Reese*, 692 S.E.2d 488, at *3 (N.C. Ct. App. 2010) (finding the same). The summons and complaint had been mailed to the home address of Maurice Licardo, meeting the requirements of North Carolina Rule of Civil Procedure 4(j2)(2). Given the foregoing, service was properly effected.

### B. Default Judgment

The court turns now to the issue of default judgment. The court finds that it has subject matter jurisdiction over this matter, and that service on the defendants was obtained in accordance with Rule 4 of the Federal Rules of Civil Procedure. Accordingly, this court has personal jurisdiction over the defendants. The Clerk of Court filed entry of default on June 2,

4

2015 [DE-15]. Given the foregoing, the court concludes that the procedural requirements for entry of default judgment have been met. *See* Fed. R. Civ. P. 55(b).

Having accepted the well-pleaded allegations of fact in the Complaint as true, the court must still determine whether those allegations support the relief sought. *See Ryan*, 253 F.3d at 780. The court finds that the allegations do support the relief sought. D'Beefs and the guarantors have breached their agreements. The amount due to Comerica from D'Beefs and 7 by 34, jointly and severally, is $276,403.79, plus interest thereon from and after January 15, 2015, at the contractual per diem rate of $37.04, plus Comerica's reasonable attorney's fees, pursuant to North Carolina General Statute section 6-21.2(2) and to the terms of the Note and Guarantees. Comerica is entitled to judgment for the same.

## IV. CONCLUSION

It is hereby ORDERED, ADJUDGED, AND DECREED that:

1. Defendant Maurice Grunwitz Licardo be dismissed as a party to this action;
2. this action be stayed as to Defendant Erica R. Licardo;
3. Comerica have and recover of Defendants D'Beefs and 7 by 34, jointly and severally, the amount of $276,403.79, plus interest thereon from and after January 15, 2015, at the contractual per diem rate of $37.04 until paid;
4. Comerica recover its attorney's fees from D'Beefs and 7 by 34, jointly and severally, in the amount of $41,460.57; and
5. Comerica recover the costs of this action.

Comerica's Second Amended Motion for Default Judgment and Attorney's Fees [DE-18] is ALLOWED. There is no just reason for delay in the entry of this Order and Judgment and

5

Case 5:15-cv-00038-F   Document 23   Filed 12/03/15   Page 5 of 6

immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This, the 3ʳᵈ day of December, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge